UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

JACQUELINE SWEETING,

    Plaintiff,

v.                                                                                    CASE NO.:

AMERICAN MEDICAL (CENTRAL), INC,
a Florida Profit Corporation, NORTH
SHORE MEDICAL CENTER, INC., a Florida
Profit Corporation.

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JACQUELINE SWEETING ("Ms. Sweeting or Plaintiff") files this Complaint against Defendant, AMERICAN MEDICAL (CENTRAL), INC, ("American Medical") and NORTH SHORE MEDICAL CENTER, INC. ("North Shore Medical") (collectively "Defendants"), and states as follows:

## INTRODUCTION

1. Plaintiff brings this action pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201 and 215(a)(3), *et seq.*, hereinafter called the "FLSA"), the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq.* ("the FMLA"), and Florida's Whistleblower Act, at Section 448.102(3), Florida Statutes ("FWA"), to recover from Defendants unpaid overtime wages, back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## JURISDICTION

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b) and 29 U.S.C. § 2601, *et seq.* as to the federal claims, and this Court has supplemental jurisdiction over the FWA as they arise out of a continuing series of illegal activities committed by Defendants involving Plaintiff's employment.

3. This Court has the authority to grant declaratory relief pursuant to the FLSA, FMLA, FWA, and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## PARTIES

4. At all times relevant hereto, Plaintiff was an employee of Defendants and resided in Broward County, Florida.

5. Defendants are Florida profit corporations that provide healthcare services in, among others, Miami-Dade County, Florida, and is therefore within the jurisdiction of the Court.

6. Defendants, at all times material to this Complaint, are joint employers, based on the fact that Defendants: (a) had the power to hire and fire Plaintiff; (b) determine Plaintiff's rate and method of payment; (c) supervised and controlled Plaintiff's work schedules or conditions of employment; and/or (d) maintained Plaintiff's employment records.

7. Defendants, at all times material to this Complaint, are integrated employers, based on the fact that Defendants share: (a) interrelated operations; (b) common management; (c) control of labor relations; and/or (d) common ownership.

## FLSA, FMLA, AND FWA COVERAGE

8. Defendants are employers as defined by the FLSA, in that Defendants, during all times relevant and in each year during the relevant statute of limitations, grossed in excess of

$500,000.00 per year in revenue, and had employees regularly engaged in interstate and intrastate commerce.

9. At all times material hereto, Defendants were engaged in commerce, or the use of goods for commerce, in that Defendants' computer equipment, telephones, and medical equipment originated outside the State of Florida.

10. At all times relevant hereto, Defendants were employers covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce that employed 50 or more employees for each working day during each of 20 or more calendar workweeks during the relevant periods of time.

11. At all times relevant hereto, Plaintiff worked at a location where the Defendants employed 50 or more employees within 75 miles.

12. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she: (a) necessitated medical leave for her own serious medical condition; and (b) she was employed by Defendants for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

13. Defendants, at all times material to this Complaint, employed in excess of ten (10) or more employees during Plaintiff's employment, and is a covered employer as defined by FWA.

## STATEMENT OF FACTS

### FLSA FACTS

14. Ms. Sweeting worked for Defendants as an hourly paid Clinical Pharmacist from 2012, through May 30, 2019.

15. Plaintiff is/was a non-exempt employee under the FLSA and is/was entitled to time

and one-half overtime compensation for all hours worked over forty (40) within a work week.

16. Defendants altered/deducted time for breaks that Plaintiff did not take; the lunch breaks were auto deducted during each shift Plaintiff worked for Defendants, resulting in the loss of anywhere between 2 to 2.5 hours of time deducted from Plaintiff's pay each week.

17. These deducted hours should have been paid as overtime hours because they allowed Plaintiff to exceed forty (40) hours per week.

18. Plaintiff regularly worked over forty (40) hours per week, excluding the unlawfully auto-deducted meal/break time, and was not properly compensated time and one half her regular rate for same.

19. Defendants failed to accurately track and account for the actual hours Plaintiff was working throughout her employment with Defendants.

20. Therefore, Defendants, failed and refused to pay Plaintiff proper overtime wages calculated at time and one-half of her regular hourly rate for all hours worked over forty (40) hours in a given workweek.

21. Defendants violated Title 29 U.S.C. §§ 206 and 207, in that:

   a. Plaintiff worked in excess of forty (40) hours per week for the relevant period of employment with Defendants;

   b. No payments or provisions for payment have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

   c. Defendants failed to maintain proper time records as mandated by the FLSA.

22. Prior to violating the FLSA, Defendants did not consult with an attorney to evaluate

whether Plaintiff's actual job duties and pay structure rendered her exempt from recovering payment for all overtime worked under the FLSA.

23. Prior to violating the FLSA, Defendants did not consult with the DOL to evaluate whether Plaintiff's actual job duties and pay structure rendered her exempt from recovering payment for all overtime worked under the FLSA.

24. Prior to violating the FLSA, Defendants did not consult with an accountant to evaluate whether Plaintiff's actual job duties and pay structure rendered her exempt from recovering payment for all overtime worked under the FLSA.

25. Based on the allegations in Paragraphs 22-24, above, Plaintiff is entitled to liquidated damages, as Defendants has no objective or subjective good faith belief that its pay practices were in compliance with the FLSA.

## FMLA FACTS

26. At all times relevant to this action, Defendants failed to comply with 29 U.S.C. § 2601, et seq., because Defendants interfered with and retaliated against Plaintiff because Plaintiff sought to utilize the FMLA for her own serious health condition.

27. Plaintiff suffers from a serious health condition, in that she necessitated FMLA time away from work due to serious vision problems requiring eye surgery.

28. In mid-May of 2019, Ms. Sweeting contacted Human Resources to request a period of continuous unpaid leave pursuant to the FMLA

29. Defendants refused to provide Ms. Sweeting with FMLA paperwork.

30. Defendants' refusal in this regard, constitutes interference with the FMLA, in that, upon being placed on direct notice of Plaintiff's need for FMLA, Defendants refused to notify

Plaintiff of her FMLA rights, and further refused Plaintiff to apply for FMLA protection, to ensure that she was afforded all available FMLA time that she needed to take to protect her job.

31. On or about May 21, 2019, mere days after Ms. Sweeting's request for FMLA leave, Defendants retaliated against Ms. Sweeting by launching a supposed "investigation" into Ms. Sweeting's job performance.

32. On or around May 22, 2019, Defendants called Ms. Sweeting and told her that she had been taken off the schedule, citing unexplained performance issues.

33. A couple of weeks later, on May 30, 2019, Defendants terminated Ms. Sweeting.

34. Defendants's termination of Ms. Sweeting stemmed from its discriminatory animus toward her need for FMLA leave.

35. The timing of her termination makes the causal connection, between her use of FMLA and her termination, sufficiently clear.

36. As a result of the foregoing, Defendants interfered with Plaintiff's FMLA rights.

37. Also, as a result of the foregoing, Defendants retaliated against Plaintiff for attempting to utilize proper and authorized FMLA leave.

38. Defendants did not have a good faith basis for its actions.

39. Defendants's actions are the exact type of unfair and retaliatory employment practices the FMLA was intended to prevent.

## FWA FACTS

40. In April 2019, Plaintiff discovered that Defendants's employee, "Rose," was making serious and frequent mistakes with respect to patient modifications, which could expose patients to great harm.

41. Among the mistakes made by Rose were pulling Nifedipine 60mgER instead of Nifedipine 30mgER, pulling Bupivicaine 0.25% with epinephrine for Bupivicaine 0.25%, and filling Valproic acid IV with Doxycycline IV, and vice versa.

42. Specifically, Rose's actions were in direct violation of *inter alia*, Chapter 64B16-27.300 of the Florida Administrative Code (pharmaceutical standards of practice), Chapter 64B16-30 of the Florida Administrative Code (pharmaceutical disciplinary guidelines and penalties).

43. Additionally, when Plaintiff questioned Rose about her grave errors, Rose stated menacingly that "if this was back in the day I would have laid you out on the floor."

44. This action was in violation of the General Duty Clause of the Occupational Safety and Health Act ("OSHA"), Section 5(a)(1) of the Act, which requires that each employer furnish to each of its employees a workplace that is free from recognized hazards that are causing or are likely to cause death or serious physical harm.

45. On April 17, 2019, Plaintiff objected to Defendants via email to the illegal acts described in Paragraphs 39-43 above.

46. Plaintiff's objection constitutes protected activity pursuant to Section 448.102(3), Florida Statutes.

47. In response, Defendants took no steps to address the illegal acts by its employee, Rose.

48. On May 30, 2019, Defendants terminated Ms. Sweeting in retaliation for her objections.

49. The timing between Plaintiff's objections, and her termination for same, establish a temporal nexus of causation between the two (2) events.

50. Plaintiff was terminated for her objections to the illegal activities described above.

51. Defendants does not have a legitimate, non-retaliatory reason for Plaintiff's termination.

52. Plaintiff has retained the law firm of CELLER LEGAL, P.A. to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. § 207 OVERTIME COMPENSATION

53. Plaintiff re-alleges paragraphs 1 through 9, and 14 through 25 of the Complaint, as if fully set forth herein.

54. Plaintiff worked in excess of forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

55. Plaintiff was entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours based on Defendants's (a) illegal meal/lunch break deduction; and (b) failure to fully and properly compensate Plaintiff for additional work she performed beyond forty (40) hours in a work week.

56. At all times material hereto, Defendantss failed to maintain proper time records as mandated by the FLSA to ensure all of Plaintiff's hours worked were accounted for.

57. Defendantss' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when they knew, or should have known, such was, and is due.

58. Defendants knew, and/or should have known Plaintiff was not taking a full and proper meal break, yet still unilaterally deducted such working time from Plaintiff's recorded work hours.

59. Due to the intentional, willful, and unlawful acts of Defendantss, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

60. Plaintiff is entitled to a back-pay award of overtime wages for all overtime hours worked, an equal amount of liquidated damages, and all attorneys' fees and costs.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in her favor against Defendantss:

a. Awarding Plaintiff overtime compensation in the amount due to her for Plaintiff's time worked in excess of forty (40) hours per work week, as well as lost/back wages since the date of her termination;

b. Awarding Plaintiff liquidated damages in an amount equal to the overtime and back wages award;

c. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

d. Awarding Plaintiff pre-judgment interest;

e. Awarding any and all relief that this Court deems proper under the FLSA.

## COUNT II
## UNLAWFUL INTERFERENCE UNDER THE FMLA

61. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 7, 10-12, and 26-39, above.

62. At all times relevant hereto, Plaintiff was protected by the FMLA.

63. At all times relevant hereto, Defendants interfered with Plaintiff's right by refusing to advise her of her rights under the FMLA and failing to provide her with FMLA documents.

64. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

65. As a result of Defendants's willful and unlawful acts by interfering with Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

66. As a result of Defendants's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendants for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III
## UNLAWFUL RETALIATION UNDER THE FMLA

67. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 7, 10-12, and 26-39, above.

68. At all times relevant hereto, Plaintiff was protected by the FMLA.

69. At all times relevant hereto, Defendants retaliated against Plaintiff by firing her for her attempted use of FMLA protected leave.

70. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

71. At all times relevant hereto, and for purposes of the FMLA retaliation claim, Defendants acted with the intent to retaliate against Plaintiff, because Plaintiff attempted to exercise her rights to take approved leave pursuant to the FMLA.

72. As a result of Defendants's intentional, willful and unlawful acts by retaliating against, Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

73. As a result of Defendants's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendants for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT IV
## VIOLATION OF THE FWA

74. Plaintiff re-alleges paragraphs 1 through 7, 13, and 40-52 of the Complaint, as if fully set forth herein.

75. On May 30, 2019, Defendants terminated Plaintiff in violation of Section 448.102(3), Florida Statutes.

76. Plaintiff was terminated for objecting to illegal activity, or what she reasonably believed to be illegal activity, in violation of Section 448.102(3), Florida Statutes.

77. Plaintiff objected to a violation of a law, rule, or regulation or what she reasonably believed to be a violation of a law, rule, and regulation (cited in Paragraphs 40, and 42, above) by Defendants, and was fired as a direct result of same, which constitutes a violation of the FWA.

78. As a result of Defendants's intentional, willful and unlawful actions, Plaintiff has suffered damages, including, but not limited to lost wages, lost benefits, lost employment status, as well as humiliation, pain and suffering and other monetary and non-monetary losses.

WHEREFORE, Plaintiff requests a judgment in her favor and against Defendants for her actual and compensatory damages, including, but not limited to, front pay, back pay, and emotional distress damages, as well as her costs and attorneys' fees, declaratory and injunctive relief and such other relief deemed proper by this Court.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 11th day of May 2020.

Respectfully Submitted,

**By: /s NOAH E. STORCH**
Noah E. Storch, Esquire
Florida Bar No. 0085476
Email: noah@floridaovertimelawyer.com
RICHARD CELLER LEGAL, P.A.
10368 W. SR 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
*Attorneys for Plaintiff*